# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| DONALD SCHUSTER, | ) | 3:11-cv-00081-HDM-WGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| ROBERT BANNISTER, *et al.*, | ) | |
| Defendants. | ) | |

Before the court are two motions filed by Defendants Robert Bannister *et al.* (collectively "Defendants"): (1) Motion for Leave to File Medical Records and Medical Declaration Under Seal (Doc. # 50) filed in support of Defendants' Motion for Summary Judgment (Doc. # 51), and (2) Motion for Leave to File Medical Records and Medical Declaration Under Seal (Doc. # 62) filed in support of Defendants' Opposition to Plaintiff Donald Schuster's Motion for Temporary Restraining Order/Preliminary Injunction (Doc. # 61).

Defendants seek an order sealing Schuster's medical records and two declarations of Nevada Department of Corrections ("NDOC") Health Information Directors (Director Karen Scofield and Director Scherrie Clinkscales) that reference and elucidate those records. (*See* Docs. # 56, # 56-1-9, # 63.) Defendants make similar arguments in each motion in favor of sealing these documents. Ultimately, Defendants argue the confidentiality of Schuster's medical records (which contain information about Schuster's medical history) outweighs the public's right of access to court records. Defendants contend an inmate-patient–here, Schuster–and NDOC each have a right of confidentiality to inmate medical records; that disclosure to unauthorized persons in the prison environment of the

information contained in Schuster's medical records, or any document interpreting those records, could jeopardize Schuster's safety and prison security; that courts generally recognize that inmate medical records are confidential; and that public's right of access to court records is not absolute. (*See generally* Docs. # 50, # 62.)

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotations and citation omitted). Documents that have been traditionally kept secret, including grand jury transcripts and warrant materials in a pre-indictment investigation, come within an exception to the general right of public access. *See id*. Otherwise, "a strong presumption in favor of access is the starting point." *Id*. (internal quotations and citation omitted).

A motion to seal documents that are part of the judicial record, or filed in connection with a dispositive motion, as they are here, must meet the "compelling reasons" standard outlined in *Kamakana*. Thus, a party seeking to seal judicial records must show that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-79. The trial court must weigh relevant factors including "the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 679 n.6 (9th Cir. 2010) (internal quotations and citation omitted). While the decision to grant or deny a motion to seal is within the trial court's discretion, the trial court must articulate its reasoning in deciding a motion to seal. *Pintos*, 605 F.3d at 679.

The court recognizes that the need to protect medical privacy has qualified as a "compelling reason," for sealing records in connection with a dispositive motion. *See, e.g., San Ramon Reg'l Med. Ctr., Inc. v. Principal Life Ins. Co.*, No. C 10–02258 SBA, 2011 WL 89931, at *1 n.1 (N.D. Cal. Jan. 10, 2011); *Abbey v. Hawaii Employers Mut. Ins. Co.*, Civil No. 09–000545 SOM/BMK, 2010 WL4715793, at *1-2 (D. Haw. Nov. 15, 2010); *Wilkins v. Ahern,* No. C 08–1084 MMC (PR), 2010 WL3755654, at *4 (N.D. Cal. Sept. 24, 2010).

Here, Exhibits 1 through 9 attached to Director Scofield's declaration (Doc. # 56) contain Schuster's sensitive health information, including his medical history, physical examination notes, physician's orders, medication logs and progress notes. In addition, the declarations of both Director Scofield and Director Clinkscales contain numerous references and in-depth and specific interpretations of Schuster's medical records. Balancing the need for the public's access to information about Schuster's medical history, treatment, and condition against the need to maintain the confidentiality of Schuster's medical records, weighs in favor of sealing these Exhibits and declarations. Accordingly, Defendants Motions for Leave to File Medical Records and Medical Declaration Under Seal (Docs. # 50, # 62) are **GRANTED**.

**IT IS SO ORDERED**.

DATED: December 7, 2012.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

3